UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE C. AGEE, <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN SEBELIUS,[1] SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | Civil Action No. 08-2223 (RMC) |

**MEMORANDUM OPINION**

This case presents the sad personal story of Plaintiff Lawrence C. Agee, proceeding *pro se* throughout, who practiced medicine in Vermont until Defendant Fletcher Allen Health Care, Inc. ("FAHC") notified the National Practitioners Data Bank in 1999 and 2000 of its decisions to suspend his hospital privileges because of concerns about his fitness to practice medicine. The reports were mandated and privileged under state and federal law. Nonetheless, Plaintiff has resorted to courts in Vermont, California and, now, Washington, D.C., to get his name off the "federal blacklist" at the National Practitioners Data Bank. *See* Pl.'s Mem. in Opp'n to Def. FAHC's Mot. to Dismiss ("Pl.'s Mem.") [Dkt. # 13] at 1. His current First Amended Complaint includes defendants in addition to FAHC and this opinion does not address those defendants. As to FAHC, however, it is clear that the Court does not have personal jurisdiction over FAHC. The allegations in the First Amended Complaint against FAHC will be dismissed.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kathleen Sebelius is substituted as Secretary for her predecessor, Michael O. Leavitt, Secretary of the U.S. Department of Health and Human Services.

## I.  FACTS

Plaintiff was a medical doctor licensed to engage in private practice in the State of Vermont.  He says that he used FAHC as a hospital once between May 1997 and December 1999. Pl.'s Mem. at 3.  In early 1998, FAHC was notified of concerns about Plaintiff's mental condition and his ability to practice safely.  *See* FAHC's Mem. in Supp. of Mot. to Dismiss ("FAHC Mem.") [Dkt. ## 2 & 11],[2] Ex. A (Complaint, D. Vt., May 24, 2000) ¶¶ 13, C; *Id.* Ex. B (Magistrate Judge's Report and Recommendation, Sept. 17, 2001) at 12.  Members of FAHC's surgical credentials team met with Plaintiff and recommended that he undergo psychological testing and/or counseling as a condition of continued hospital privileges.  *Id.*, Ex. B at 14-15.  When Plaintiff did not undergo such testing or counseling, FAHC revoked his privileges.  *Id.* at 15.  Pursuant to a statutorily mandated duty, *see* 42 U.S.C. § 11101, *et seq.*, FAHC then reported its actions to the National Practitioners Data Bank.  FAHC Mem., Ex. B at 15. After this report was filed, Plaintiff lost his license to practice medicine in both Vermont and California.  *Id.* at 16.

The current First Amended Complaint is the seventh[3] in a series of complaints filed against FAHC and its various personnel in state and federal courts.  Although the named defendants might vary, all of these lawsuits have revolved around the same core of operative facts outlined in the preceding paragraph.

Plaintiff's first complaint was filed on May 24, 2000, in U.S. District Court for the

---

[2] FAHC's current motion to dismiss is located at Docket # 11, however, it refers the reader to the motion to dismiss at Docket # 2, which was denied as moot after Plaintiff filed the Amended Complaint.  All exhibits referenced are attached to the motion to dismiss at Docket # 2.

[3] FAHC says that this is the eighth complaint filed by Plaintiff against it but recounts the history of six previous cases.  *See* FAHC Mem. at 2.  The Court's number accords with the recounted history.

District of Vermont, suing FAHC, Copley Hospital, Robert Grunert, M.D., and Chris Fukuda, M.D. *See* FAHC Mem., Ex. A.  A Magistrate Judge issued a report and recommendation on September 17, 2001, recommending that the case be dismissed in its entirety against FAHC.  *Id.*, Ex. B.  District Court Judge William K. Sessions adopted the report and recommendation on October 9, 2001, and dismissed the claims against FAHC entirely.  *Id.*, Ex. C (Oct. 9, 2001 Order).

Plaintiff filed a second complaint against several defendants, including two FAHC employees, Dr. Steven Shackford and Ms. Debbie Douglas, on August 24, 2001.  *Id.*, Ex. D.  The allegations concerning the facts outlined above were virtually the same.  Defendants Shackford and Douglas moved to dismiss.  After Plaintiff failed to oppose, the District Court dismissed the action on January 10, 2002.  *See id.*, Ex. E (Order of Dismissal).

Presumably seeking to practice medicine in the other State in which he was licensed, Plaintiff then went to California.  When he could not practice there either, he filed a third complaint in the Eastern District of California on September 24, 2001.  *See id.*, Ex. F.  This suit named the California Medical Board, the Vermont Medical Board, the National Practitioners Data Bank, FAHC, and Green Mount Urology as defendants.  FAHC moved to dismiss, based on the prior decision of Judge Sessions.  FAHC's motion was granted by order entered on June 25, 2002, because Plaintiff failed to file or appear in opposition.  *See id.*, Ex. H.

Plaintiff filed his fourth complaint against FAHC in Vermont on November 13, 2002. *See id..,* Ex. I.  While various additional defendants were named, the operative facts remained the same and FAHC filed a motion to dismiss and requested an order enjoining Plaintiff from filing any additional complaints arising from the same set of operative facts.  The motion to dismiss was granted on March 5, 2003, and the motion for injunctive relief was denied as moot because a similar

order had recently been entered in another case filed by Mr. Agee. *See id.*, Ex. J.[4]

Plaintiff's fifth complaint against FAHC was filed in California on February 17, 2006. *See id.*, Ex. L. In addition to FAHC and various of its staff, this complaint named two federal judges, a former Supreme Court Judge of the State of Vermont and his wife, a current Vermont judge, a number of Vermont doctors and lawyers, various news organizations, the Vermont Medical Board, the Vermont Family Court, and other individuals. *See id.* FAHC filed a motion to dismiss on March 1, 2006, Plaintiff did not respond or object, a Magistrate Judge issued a report and recommendation to dismiss the complaint on May 26, 2006, and the District Court adopted that report and recommendation on August 3, 2006. *See id.* Exs. M (Magistrate Judge's Findings & Recommendations) & N (District Court's Order).

On September 22, 2006, in response to a foreclosure action in Vermont State Court, Plaintiff filed a third-party sixth complaint that named FAHC. *See id.*, Ex. O. FAHC filed a motion to dismiss based on prior litigation and on February 16, 2007, the Chittenden Superior Court issued an order granting the motion. *See id.*, Ex. P.

During the course of these lawsuits against FAHC, not to mention multiple other defendants, Plaintiff has alleged claims for defamation (five times, in various forms); restriction of trade; intentional infliction of emotional distress (three times); harassment; slander (twice); wrongful termination of medical license, employment (twice) and DEA certificate; violation of the Americans

---

[4] Prior to the March 5, 2003 order on FAHC's motion to dismiss, the U.S. District Court for the District of Vermont issued an order in a case Plaintiff filed (based on the same facts as the case against FAHC) against the State of Vermont and several State officials, granting the State's request for injunctive relief. *See Agee v. State of Vermont*, No. 02-0062, slip op. at 2 (D. Vt. Dec. 5, 2002); *see* FAHC Mem., Ex. K (Order of Dismissal, Dec. 5, 2002) (noting that "[t]he requisite allocation of court resources to the plaintiff's enthusiasm for repetitious litigation as well as the inordinate demands placed on the defendants by virtue of these repetitive actions can no longer be justified").

with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (twice); emotional distress; violation of confidentiality provisions of the Medical Information Act (in Vermont and California); libel (twice); retaliation; tortious interference with business contracts (twice); false light invasion of privacy; public disclosure of private facts; conspiracy to restrict trade; conspiracy to commit fraud; unfair business practices; violation of Vermont right to property; violation of "Article I Right to Property;" racketeering; unjust enrichment; deprivation of constitutional rights under 42 U.S.C. § 1983; conspiracy to deprive persons of their constitutional rights; neglect to prevent civil rights violation; obstruction of justice, and conspiracy to deprive persons of equal protection of the laws under 42 U.S.C. § 1985. FAHC Mem. at 6. Each of these claims has relied on the fact pattern outlined in the first paragraph of this section.

The First Amended Complaint before this Court states five counts against FAHC: (1) violation of Fifth Amendment due process liberty and property rights; (2) defamation; (3) violation of Privacy Act, 5 U.S.C. § 552a(b); (4) false light; and (5) ongoing violations of the Americans with Disabilities Act.

## II.  LEGAL STANDARDS

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). The plaintiff must allege specific acts connecting the defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Bare allegations and conclusory statements are insufficient. *Id.*

In determining whether a factual basis for personal jurisdiction exists, the court

should resolve factual discrepancies appearing in the record in favor of the plaintiff. *Crane*, 894 F.2d at 456. The court need not treat all of the plaintiff's allegations as true, however. *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). Instead, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Id.*

"To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). D.C.'s long-arm statute, D.C. Code § 13-423, provides, *inter alia*, that personal jurisdiction exists over any person as to a claim for relief arising from the person's

> (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . .

D.C. Code § 13-423(a). Subsection (b) qualifies the reach of the statute by noting that "[w]hen jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him." *Id.* § 13-423(b).

The Due Process Clause of the Fifth Amendment to the U.S. Constitution requires the plaintiff to demonstrate "'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *GTE New Media Servs.*, 199 F.3d at 1347 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S.

310, 316 (1945)); *see Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 95 (D.C. Cir. 2002). These minimum contacts must be grounded in "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1988). In short, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *GTE New Media Servs.*, 199 F.3d at 1347 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

### III.  ANALYSIS

In its most simple resolution, the Court must dismiss the First Amended Complaint against FAHC because it does not have personal jurisdiction over this Defendant. FAHC is located in Vermont, not Washington, D.C. The only contact with the District of Columbia that is alleged in the First Amended Complaint is that FAHC reported that it had suspended Plaintiff's medical privileges to the National Practitioners Data Bank in August 1999. *See* Comp. ¶ 1. However, contacts with the federal government by a person outside D.C. are excluded from consideration in determining whether a putative defendant has sufficient contacts with the District of Columbia to be subject to suit here. *See Crane v. Carr*, 814 F.2d 758, 761 (D.C. Cir. 1987); *Chrysler Corp. v. Gen. Motors Corp.*, 589 F. Supp. 1182, 1196 (D.D.C. 1984).

For the Court to exercise jurisdiction over a defendant that does not reside in the District of Columbia, service of process must be authorized by D.C.'s long-arm statute and comport with the Due Process Clause of the Fifth Amendment. *See FC Inv. Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1095 (D.C. 2008) (citing *GTE New Media Servs.*, 199 F.3d at 1347). "[P]ersonal jurisdiction exists when the defendant has purposefully established minimum contacts with the

forum state and when the exercise of jurisdiction comports with the 'traditional notions of fair play and substantial justice.'" *Wiggins v. Equifax, Inc.*, 853 F. Supp. 500, 502 (D.D.C. 1994) (quoting *Asahi Metal Indus.*, 480 U.S. at 107).

"The plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant." *Crane*, 894 F.2d at 456.  Nothing in the First Amended Complaint indicates that FAHC has established the requisite minimum contacts with the District of Columbia to make it subject to a lawsuit in this jurisdiction.  Plaintiff offers none and his opposition to the motion to dismiss does not comment in any way to support this Court's jurisdiction over FAHC.  Thus, the point is conceded and by itself is enough to require that the allegations against FAHC in the First Amended Complaint be dismissed.[5]

### IV. CONCLUSION

Because the Court lacks personal jurisdiction over FAHC, all allegations against FAHC will be dismissed.  A memorializing order accompanies this memorandum opinion.

Date:  November 2, 2009                                            /s/
                                                                  ROSEMARY M. COLLYER
                                                                  United States District Judge

---

[5] Even if jurisdiction were proper, the Court would still dismiss the First Amended Complaint on res judicata and collateral estoppel grounds.  When a final judgment has been entered on the merits of a case, it "'puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever.'" *Nevada v. United States*, 463 U.S. 110, 129 (1983) (quoting *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948)). The District Court of Vermont fully adjudicated Plaintiff's claims against FAHC in his first lawsuit and that constitutes a final judgment on the merits.  That court had jurisdiction over Plaintiff's claims and the parties to that first lawsuit, and the core facts and issues raised were the same there as here.